UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID COOK,

Plaintiff,

-vs-                                                    Case No.  6:06-cv-1193-Orl-19KRS

CSX TRANSPORTATION, INC.,

Defendant.
_____

# ORDER

This case comes before the Court on the following:

1.    Motion to Strike Any Claim or Reference to the Federal Locomotive Inspection Act
      or in the Alternative, Motion for Continuance by Defendant CSX Transportation,
      Inc. (Doc. No. 89, filed May 9, 2008); and

2.    Motion for Leave to File an Amended Complaint to Add Claim Under Federal
      Locomotive Inspection Act and Memorandum in Opposition to Defendant's Motion
      to Strike or Motion for Continuance by Plaintiff David Cook (Doc. No. 90, filed May
      12, 2008).

## Background

In its Order denying the Motion for Summary Judgment by Defendant CSX Transportation,

Inc., the Court declined to consider Plaintiff David Cook's arguments concerning negligence *per

se* because this claim had not been pled in the Complaint.  (Doc. No. 87 at pp. 7-8, filed May 8,

2008.)  As the Court explained, Plaintiff may not assert new, unpled claims in its opposition to

Defendant's Motion for Summary Judgment.  (*Id.*)  The proper procedure for asserting new claims, when appropriate, was to file a motion for leave to amend the Complaint.  (*Id.*)

Defendant now moves to strike any "claim or reference by Plaintiff to the Federal Locomotive Inspection Act . . . ."  (Doc. No. 89 at p. 1, ¶ 1.)[1]  Plaintiff opposes this Motion and further seeks leave to amend his Complaint to include a claim of negligence *per se*.  (Doc. No. 90.)  This amendment would be untimely; therefore, Plaintiff is in effect seeking modification of the deadlines set forth in the Case Management and Scheduling Order.[2]

## Applicable Standard

The Federal Rules of Civil Procedure provide guidance as to the propriety of extending scheduling order deadlines.  Rule 16 states: "A [scheduling order] may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, when a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate good cause for the untimely motion.  *Id.*; *Sosa*, 133 F.3d at 1418-19 & n. 2.  The Local Rules of this District explain the Court's policy regarding the amendment of pleadings: "A motion to amend any pleading . . . is distinctly disfavored after entry of the Case Management and Scheduling Order."  Local Rule 3.05(c)(2)(E).

---

[1]    Defendant does not specify from what it wishes this claim to be stricken.  (*See* Doc. No. 89.)

[2]    Since Plaintiff files his Motion for leave to amend after the deadline to amend pleadings set forth in the Case Management and Scheduling Order, the appropriate standard is found in Federal Rule of Civil Procedure 16 for modification of deadlines rather than Rule 15 for amendment of pleadings.  *E.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

**Analysis**

To support his Motion for leave to amend, Plaintiff first argues that Defendant will not suffer any prejudice as a result of the amendment because the issues underlying a claim of negligence *per se* overlap with the issues underlying a claim of ordinary negligence. (Doc. No. 90 at p. 6.)  On this point, Defendant asserts, "As discovery is now over, with trial set for less than a month away, any reference by Plaintiff to these unpled claims would be untimely and unfairly prejudicial to Defendant CSXT." (Doc. No. 89 at p. 2, ¶ 3.)  This Court agrees.  Trial in this case is scheduled to commence in the trial term beginning June 2, 2008.  (Doc. No. 55 at p. 2, filed Jan. 15, 2008.) Plaintiff's Motion for leave to amend was filed less than a month before this date, after the close of discovery.  (*See id.* at p. 1.)  Furthermore, while there may be factual issues that overlap both the claims of negligence *per se* and regular negligence, the methods of proving breach for these two claims are distinctly different.  *See, e.g.*, *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969) ("the injured employee [alleging negligence *per se*] is required to prove only the statutory violation and thus is relieved of the burden of proving negligence").  Thus, Defendant would be prejudiced by this amendment on the eve of trial.

Secondly, Plaintiff claims that his Motion for leave to amend is not brought in bad faith because ". . . Cook reasonably believed that his claim that CSXT was negligent *per se* was simply a different argument to show a violation of FELA as pled in Count VI." (Doc. No. 90 at p. 7.)  In other words, Plaintiff apparently failed to realize that this "different argument" constituted a new "claim" which should have been pled in the Complaint and not asserted for the first time in

opposition to summary judgment.  (*See* Doc. No. 87 at pp. 7-8.)  Plaintiff has not asserted that his mistaken belief constitutes good cause, nor does the Court find it to be so.[3]

Thirdly, Plaintiff asserts that a negligence *per se* claim does not constitute an independent cause of action, and in any event, the Complaint "put Defendant on notice of a possible [negligence *per se*] claim . . . ."  (Doc. No. 90 at pp. 8-9.)  As the Court has previously explained, however, an allegation or argument may be a new "claim" without also constituting an independent cause of action.  (Doc. No. 87 at p. 7 & n. 4 (citing *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006)).)  Additionally, the liberal notice pleading standard in Federal Rule of Civil Procedure 8(a) is "inapplicable after discovery has commenced."  (*Id.* at p. 7 (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam)).)  These arguments do not demonstrate good cause under Federal Rule of Civil Procedure 16 for modification of the Court's scheduling order.

Finally, Plaintiff claims that the Court should grant him leave to amend because such amendment would not be futile.  (Doc. No. 90 at p. 10.)  However, the fact that the proposed amendment may not be futile does not demonstrate good cause for Plaintiff's failure to amend his Complaint within the time frame set forth in the Court's Case Management and Scheduling Order.

---

[3]    *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779 (3d Cir. 2000) (appellate attorney's mistaken belief about the deadline for filing a notice of appeal constituted neither excusable neglect nor good cause for the untimely notice of appeal); *United States v. Roman*, No. 97-1472, 1998 WL 381066, at *2 (10th Cir. July 7, 1998) (unpublished opinion) (defense counsel's mistaken belief that sentence agreed to in plea agreement was binding on the court did not constitute good cause for failing to assert objections to the presentence investigation report prior to the sentencing hearing); *Covington v. United States*, No. 92-15245, 8 F.3d 26, 1993 WL 366667, at *3 (9th Cir. Sept. 21, 1993) (unpublished opinion) (citing cases in which the Ninth Circuit found that an attorney's ignorance of procedural rules was not a justifiable excuse for late service of process).

The Case Management and Scheduling Order set the deadline for the amendment of pleadings at November 15, 2006.  (Doc. No. 22 at p. 1, filed Oct. 26, 2006.)  Plaintiff's Motion for leave to amend the Complaint was filed on May 12, 2008, eighteen months after this deadline.  (Doc. No. 90.)  The Motion also comes four months after the close of discovery which ended on January 15, 2008.  (Doc. No. 55 at p. 1.)  Plaintiff has failed to demonstrate good cause for his untimely Motion as required by Federal Rule of Civil Procedure 16(b)(4).  Therefore, the Court must deny Plaintiff's Motion for leave to amend his Complaint.

**Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint to Add Claim Under Federal Locomotive Inspection Act (Doc. No. 90, filed May 12, 2008).  Since there remains nothing to strike regarding this claim, the Court **DENIES AS MOOT** Defendant's Motion to Strike Any Claim or Reference to the Federal Locomotive Inspection Act or in the Alternative, Motion for Continuance by Defendant CSX Transportation, Inc. (Doc. No. 89, filed May 9, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 13 , 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record