**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID COOK,**

        **Plaintiff,**

-vs-                                              **Case No. 6:06-cv-1193-Orl-19KRS**

**CSX TRANSPORTATION, INC.,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion in Limine by Defendant CSX Transportation, Inc. (Doc. No. 99, filed May 13, 2008);

2. Motion to Strike Plaintiff's Occupational Medical Expert, Eckardt Johanning, M.D. and Memorandum of Law in Support by Defendant (Doc. No. 100, filed May 13, 2008);

3. Memorandum in Opposition to Defendant's Motion in Limine by Plaintiff David Cook (Doc. No. 109, filed May 27, 2008); and

4. Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's Occupational Medical Expert, Eckardt Johanning, M.D. by Plaintiff (Doc. No. 110, filed May 27, 2008).

**I.    Motion in Limine**

In its Motion in Limine, Defendant CSX Transportation, Inc. ("CSXT" or "Defendant") moves the Court to preclude counsel for Plaintiff David Cook and any witnesses called by Plaintiff

from: (1) "teaching" the Federal Employers' Liability Act to the jury; (2) referring to "any other means available for performing the job in question at the date, time, and place of the subject incident as a better means of effectuating the work to be done"; (3) referring to any prior or subsequent employee incidents or accidents on Defendant's locomotives; (4) alleging that Defendant breached its duty to Plaintiff by exposing him to unsafe levels of force in his work activities; (5) mentioning irrelevant and unduly prejudicial evidence of discrimination and retaliation at work; and (6) alleging that Defendant breached its duty to Plaintiff by failing to detect and/or inform Plaintiff of medical conditions allegedly associated with his work duties. (Doc. No. 99.) Plaintiff has filed a Response in opposition to this Motion. (Doc. No. 109.) The Court considers each of Defendant's objections in turn.

### A.     "Teaching" the Federal Employers' Liability Act to the Jury ("Issue I")

Defendant states in its first argument:

> CSXT requests that counsel for the Plaintiff, and any and all of the witnesses called by him be restrained during voir dire and/or opening statement, or at any other time during the course of this trial, from explaining, teaching, or in any other way alluding to applicable laws with regard to Federal Employers' Liability Act[] (FELA).

(Doc. No. 99 at 1.) In making this argument, Defendant does not cite any particular Federal Rule of Evidence or otherwise applicable law. (*See id.* at 1-2.) Instead, Defendant discusses more generally the proper role of counsel and the Court in explaining the law to the jury. (*See id.*) The Court declines to sustain such a vague objection that is not related to any specific statement or testimony and is not supported by a particular Rule of Evidence.[1]

---

[1]     Of course, all counsel are expected to comply with the Local Rules, such as Local Rule 5.01 relating to *voir dire* and the instruction of juries, as well as the Federal Rules of Evidence. Counsel may object to violations of these rules during trial.

Defendant also requests that the Court preclude the Plaintiff "from comparing this case to a Workers' Compensation case" and "from raising the inference that this lawsuit is the only avenue available to the Plaintiff for obtaining recovery for any damages that he may have incurred on the job." (*Id.* at 1.) In support of this request, Defendant offers two non-binding appellate court cases. (*Id.* at 2 (citing *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834 (4th Cir. 1987); *Weinell v. McKeesport Connecting R.R. Co.*, 411 F.2d 510 (3d Cir. 1969)).) Defendant explains:

> [I]n a[] FELA case, [the Fourth Circuit] held [that it was] improper for counsel to mention to the jury that the Plaintiff is ineligible for Workers' Compensation benefits and ruled that such statements are prejudicial to the railroad, as the railroad is prohibited from pointing out to the jury other collateral source benefits that are, in fact, available to a plaintiff.

(*Id.* (citing *Stillman*, 811 F.2d 834).) In his Response, Plaintiff concedes, "Although no 11th Circuit case is cited [by Defendant], presumably such argument would be precluded in this Circuit as well." (Doc. No. 109 at 2.) Plaintiff also states:

> It is anticipated that Defendant will attempt to argue that Plaintiff received disability benefits from the Railroad Retirement Board which should constitute an offset to any pension entitlement. Plaintiff intends to object to any reference to Plaintiff's receipt of disability benefits. As more fully explained in Plaintiff's Trial Brief, since disability benefits constitute a separate fringe benefit provided by Defendant as mandated by the collective bargaining agreement, such disability benefits are considered collateral sources and thus may not be mentioned by Defendant to the jury. Defendant must be barred from making any reference to any Railroad Retirement Benefits received by Plaintiff as such is considered a collateral source.

(*Id.* (citing cases).)

Since neither side evidences any intent to offer the evidence to which the other side objects in these Motions and Responses, the Court denies as moot the objections to evidence concerning the availability of workers' compensation and relief from collateral sources. If a party nevertheless attempts to offer such evidence as trial, opposing counsel may object as appropriate.

**B.     Evidence of Safer Alternative Methods for Performing Work ("Issue II")**

In its next objection to Plaintiff's anticipated evidence, Defendant argues:

> CSXT also requests that Plaintiff, his attorneys, or any witnesses called by them, be prohibited from referring to any other means available for performing the job in question at the date, time and place of the subject incident as a better means of effectuating the work to be done. The fact that alternative methods are available or better tools and equipment might be available is not relevant in an FELA setting. The only question properly before a jury in this type of an action is whether the railroad has exercised reasonable care for the safety of the Plaintiff, not whether a safer method could have been employed.

(*Id.* at 2.)  Defendant continues, "Any relevance of alternative methods for performing the work at hand is outweighed by the potential prejudice of reference to such matters." (*Id.*)

The standard for relevance under the Federal Rules of Evidence sets a very low bar: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Relevant evidence is presumptively admissible and may be excluded under Rule 403 only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Evidence of safer alternative methods for performing Plaintiff's work could be relevant to the issue of reasonable care. *See, e.g.*, *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (rejecting, in a strict liability case concerning whether a vessel was reasonably fit for its intended use, the defendants' argument that "proof of a safer work environment or methods" was irrelevant).[2]  Furthermore, any possible confusion of the issues or unfair prejudice may be cured

---

[2]     In its Motion, Defendant cites several cases purportedly on point, but the only case
(continued...)

through a limiting jury instruction. *See, e.g.*, *Delvecchio v. Metro-North R.R. Co.*, No. 3:03-cv-803-MRK, 2004 WL 2851951, at *2 (D. Conn . Dec. 9, 2004) (finding, in a FELA personal injury case, that evidence of the defendant railroad's use of differently configured cars was relevant to the issue of reasonable care and that any risk of prejudice and confusion could be "ameliorated, if not eliminated altogether, through appropriate cautionary instructions"). In any event, the Court declines to sustain Defendant's objection prior to the presentation of the evidence at trial. Therefore, the Court denies Defendant's Motion to exclude this evidence without prejudice to reassertion at trial.

### C. Foundation Requirements for Evidence of Other Accidents ("Issue III")

In its third argument, Defendant asserts:

> Additionally, CSXT requests that all counsel and their witnesses be prohibited from mentioning or making reference, at any time during the course of this trial or the selection of the jury, without first having made a proffer to the Court in the absence of a jury, any reference to any prior or subsequent incidents or accidents, either at this particular location or at other locations. Evidence regarding such matters must be excluded where there are distinguishing facts and where conditions are not the same as, or substantially similar to, the matter being litigated.

---

[2](...continued)
  directly supporting Defendant's argument is *Stillman*, 811 F.2d 834. In *Stillman*, the Fourth Circuit held that the district court acted within its discretion by excluding testimony of allegedly safer alternative methods of work in a FELA personal injury case. *Id.* at 838. However, this case did not hold that it would have been error to admit this evidence. Furthermore, the Fourth Circuit's language approving of the district court's decision is diluted by its later statement: "In any event, Stillman introduced essentially all of the testimony concerning the alternative gear installation method that he wished to offer. In view of the fact that the district court never instructed the jury to disregard this testimony, we must conclude that any error the district court may have committed in sustaining the Railroad's objection to Stillman's proffered testimony was harmless." *Id.*

(Doc. No. 99 at 3 (citing *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074 (8th Cir. 2000)).) Plaintiff responds that this objection is "overbroad" and further states that "it would be completely improper to require Plaintiff to make an advance proffer to the Court outside the hearing of the jury." (Doc. No. 109 at 6.) Moreover, according to Plaintiff, "it is completely proper to present fact evidence of complaints of unsafe equipment on the locomotives made to Defendant, providing it further notice of the unsafe equipment and its failure to repair or replace the equipment evidencing negligence." (*Id.*)

Evidence of other accidents may be relevant to show notice, the magnitude of the danger involved, the ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, causation, or the existence of a design defect. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988); *accord Heath, Jr. v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997); *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 649-50 (11th Cir.1990); *Barker v. Deere and Co.*, 60 F.3d 158, 162 (3rd Cir.1995). Because there is a strong potential for prejudice resulting from the admission of evidence of other accidents, certain limitations on the admission of such evidence have been developed. *Pinchinat v. Graco Children's Prods., Inc.*, No. 2:04-cv-252-FtM-29SPC, 2005 WL 5960928, at *2 (M.D. Fla. Apr. 7, 2005). First, the proponent of the evidence must show that conditions substantially similar to the occurrence in question caused the other accidents. *Jones*, 861 F.2d at 661-62; *accord Heath, Jr.*, 126 F.3d at 1396 n.12; *Hessen*, 915 F.2d at 649.[3] Second, the other accidents must not be too remote in time, an issue which is

---

[3] In limited circumstances, proof of other accidents may be admissible despite the lack of a substantial similarity between the accidents. *Heath, Jr.*, 126 F.3d at 1396-97 (evidence of other rollovers admissible despite lack of substantial similarity where purpose was to explain mechanics of how rollovers occur).

within the trial court's discretion. *Jones*, 861 F.2d at 662. Third, the trial court has discretion to exclude evidence of other accidents when the prejudice or confusion of issues which may result from the admission of such evidence outweighs the probative value of the evidence. *Heath, Jr.*, 126 F.3d at 1396 n.13. These limitations apply whether the other accident evidence is offered by a plaintiff or a defendant. *Id.* at 1396 n.11.

At this time, the Court has not been provided with sufficient factual background information to rule on this objection. *See, e.g.*, *Sears v. PHP of Ala.*, No. 2:05-cv-304, 2006 WL 1223302, at **2-3 (M.D. Ala. May 5, 2006) (declining to rule on a similar objection due to the lack of specificity and available factual information). Defendant's concerns are valid, however, and it is Plaintiff's burden to lay the proper foundation for other accidents evidence before introducing such evidence to the jury. *E.g.*, *Heath*, 126 F.3d at 1396 n.12. Because of the strong potential for prejudice, the Court agrees that prior to admission and outside of the presence of the jury Plaintiff must lay a sufficient foundation of substantial similarity to establish relevancy and to overcome undue prejudice and confusion. *See Lindy Invs., L.P. v. Shakertown Corp.*, 2:94-cv-4112, 1997 WL 394856, at **1-2 (E.D. La. July 10, 1997) (utilizing this approach). Accordingly, the Court grants in part and reserves ruling in part on Defendant's Motion to exclude other accidents evidence.

### D.     Evidence of Unsafe Levels of Force in Plaintiff's Work Activities ("Issue IV")

In its fourth request for exclusion, Defendant asserts that Plaintiff may attempt to offer inadmissible testimony of his fellow co-workers that these witnesses worked in "hazardous" or "unsafe" conditions. (Doc. No. 99 at 3.) Defendant explains, "Neither[] Plaintiff nor any of his co-workers have measured the frequency, intensity, and duration of any forces upon the human body while involved in the subject activities. Therefore, these witnesses are not in a position to state how

much vibration, over what timeframe, and at what force constitutes an occupational hazard." (*Id.*) As Plaintiff recognizes, this argument appears to go to the limitations on opinion testimony by lay witnesses set forth in Federal Rule of Evidence 701. (Doc. No. 109 at 7-8.) Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. As Rule 701 demonstrates, the admissibility of lay opinion testimony is a highly fact-intensive determination. Without the context of trial and specific testimony to consider, ruling on this general objection would be premature. Therefore, the Motion to exclude "evidence of alleged occupational exposures through lay witness testimony" is denied without prejudice to reassertion at trial.

### E. Evidence of Discrimination and Retaliation at Work ("Issue V")

Defendant also moves the Court to prohibit Plaintiff from introducing any evidence or argument concerning any workplace discrimination or retaliation against Plaintiff because such evidence unfairly and prejudicially casts Defendant as an "evil employer." (Doc No. 99 at 4-5.) Plaintiff responds that this objection is "overbroad" and further argues:

> Plaintiff settled with Defendant his claims of unlawful retaliation and threats. However, the underlying factual evidence is clearly relevant to the extent that it demonstrates that Defendant failed to maintain a reasonably safe workplace. For example, evidence that Defendant forced Plaintiff and other employees to work excessive overtime, over Plaintiff's repeated and frequent objections, is particularly relevant to the issues in this case regarding Defendant's negligence and its failure to maintain a reasonably safe workplace. Dr. Johanning is expected to testify that excessive overtime is a critical factor in contributing to the injuries suffered by Plaintiff. . . . The extent to which any evidence were offered by a witness which does not relate to Plaintiff's injuries, Defendant is free to object at that time during the trial.

(Doc. No. 109 at 10-11.) The Court agrees that Defendant's objection is overly broad. This objection should be made in reference to specific testimony so that the Court may properly evaluate the issues of admissibility. Therefore, Defendant's Motion to exclude evidence of discrimination and retaliation at work is denied without prejudice to reassertion at trial.

### F. Defendant's Failure to Detect and/or Inform Plaintiff of Medical Conditions Allegedly Associated with Work Duties ("Issue VI")

Lastly, Defendant moves to exclude the following evidence:

> [A]ny testimony about a failure to educate an employee about musculoskeletal conditions or to develop an ergonomic program, such as Dr. Johanning's expected testimony . . . . These opinions are just as likely to mislead the jury as to the standard of care applicable to Defendant as the courts found in [other] cases, and thus, Plaintiff should be precluded from presenting them.

(Doc. No. 99 at 8.) Plaintiff states in response, "Defendant seeks to preclude Plaintiff from presenting any evidence that Defendant failed to warn Plaintiff of possible risks of injury associated with his work duties, and more particularly, to bar Dr. Eckhardt Johanning from testifying that Defendant knew for years as to the risk of injuries to its employees and failed to educate or warn employees of the risk." (Doc. No. 109 at 12.)

As these arguments are currently postured, the contested evidence appears to go toward the issue of reasonable care which is a factual issue to be determined by the jury. Defendant's objection seems to be an argument about the weight of this evidence rather than its admissibility. While Dr. Johanning should not offer legal conclusions about the standard of care in this case,[4] the Court does not find that Defendant's objection is sufficiently concrete to rule for ruling at this time. Therefore,

---

[4] *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.").

the Court denies Defendant's Motion to exclude this evidence without prejudice to reassertion at trial.

## II.     Motion to Strike Plaintiff's Occupational Medical Expert, Eckardt Johanning, M.D.

In its Motion to strike[5] the testimony of Dr. Eckardt Johanning, Defendant states that Dr. Johanning's testimony "fail[s] to meet the standards for admissibility of expert testimony, as set forth in [Federal Rule of Evidence] 702." (Doc. No. 100 at 1, ¶ 1.)  Such a motion is more commonly referred to as a *Daubert* motion, after *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a case in which the United States Supreme Court outlined the standard for admissibility of scientific expert testimony.  In the Third Amended Case Management and Scheduling Order, this Court set the deadline for *Daubert* motions as February 7, 2008.  (Doc. No. 55 at 1, 6-7, filed Jan. 15, 2008.)  This deadline is set well in advance of trial so that the Court may schedule any necessary hearings on the admissibility of the proffered expert's testimony prior to trial.  *See, e.g.*, *Gamboa v. Henderson*, 240 F.3d 1074, 2000 WL 1835289, at *2 (5th Cir. Nov. 29, 2000) (unpublished table opinion) (explaining that the "procedure for challenging an expert witness under *Daubert* through a pretrial hearing is now well established").

Defendant's Motion, on the eve of trial, effectively seeks to extend the deadline set forth in the Court's Case Management and Scheduling Order.  This Motion was filed three months after the appropriate deadline had passed.  A party filing an out of time motion to extend a Scheduling Order deadline must demonstrate both good cause and excusable neglect for the untimely motion.  Fed. R. Civ. P. 6(b), 16(b)(4).  Defendant has not offered any explanation for its tardiness and therefore has not met either standard.  Accordingly, Defendant's Motion is denied as untimely.  *See, e.g.*,

---

[5]     Presumably, Defendant seeks to exclude this evidence from presentation at trial.

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1349 (11th Cir. 2003) ("[B]ecause *Daubert* generally contemplates a 'gatekeeping' function, not a 'gotcha' [f]unction, [our caselaw] permits a district court to reject as untimely Daubert motions raised late in the trial process; only in rare circumstances will such tardy motions . . . be warranted." (quoting *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2001)) (alterations in quotation)); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, Nos. 2:05-cv-165-FTM-29SPC, 2:05-cv-187-FTM-29SPC, 2006 WL 1071997, at *2 (M.D. Fla. Apr. 24, 2006) (denying a challenge to expert testimony as an untimely *Daubert* motion); *Miro, LLC v. Ass'n Cas. Ins. Co.*, No. 6:05-cv-193-Orl-31KRS, 2006 WL 5111112, at *1 (M.D. Fla. Mar. 15, 2006) (same).

Furthermore, even if the Motion were not untimely, this Court found in its Order denying Defendant's Motion for Summary Judgment that Dr. Johanning's testimony met the threshold requirements of Rule 702. (Doc. No. 87 at 13 n.8, filed May 8, 2008). In any event, Defendant's objections tend to go to the weight of the evidence and the credibility of Dr. Johanning as a witness. These concerns are more properly addressed through cross-examination at trial. As the Eleventh Circuit Court of Appeals has explained:

> A district court's gatekeeper role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir. 1999). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." *Id.* (quoting *Daubert*, 509 U.S. at 596).

*Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001) (alteration in quotation); *accord 800 Adept, Inc. v. Murex Secs., Ltd.*, No. 6:02-cv-1354-Orl-19DAB, 2006 WL 5249726, at *1 (M.D. Fla. Aug. 25, 2006). Therefore, Defendant's Motion to exclude Dr. Johanning's testimony lacks merit and is denied.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.  The Court **GRANTS IN PART**, **DENIES IN PART**, and **RESERVES RULING IN PART** on Defendant's Motion in Limine (Doc. No. 99, filed May 13, 2008) as follows:

    a.  The Motion to Preclude "Teaching" of the Federal Employers' Liability Act to the Jury ("Issue I") is **DENIED**;

    b.  The Motion to Exclude Evidence of Safer Alternative Methods of Performing the Work ("Issue II") is **DENIED**;

    c.  The Motion to Require a Proffer of "Other Accidents" Testimony Outside the Presence of the Jury is **GRANTED**, and the Court **RESERVES RULING** on the Motion to Exclude Any Such Evidence that is Irrelevant or Unduly Prejudicial (collectively "Issue III");

    d.  The Motion to Exclude Lay Opinion Testimony as to the Safety of Plaintiff's Working Conditions ("Issue IV") is **DENIED**;

    e.  The Motion to Exclude Evidence of Discrimination or Retaliation Against Plaintiff by Defendant ("Issue V") is **DENIED**; and

    f.  The Motion to Exclude Evidence or Argument as to Defendant's Failure to Detect or Warn Against Workplace Medical Risks ("Issue VI") is **DENIED**.

2.  The Court **DENIES** Defendant's Motion to Strike Plaintiff's Occupational Medical Expert, Eckardt Johanning, M.D. and Memorandum of Law in Support (Doc. No. 100, filed May 13, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record